Jones, Chief Judge,
delivered the opinion of the court:
Plaintiff sues to recover freight charges allegedly due on a number of carload shipments of knocked-down steel barges *151 transported for defendant in April 1944 and February 1945. Following these shipments, the plaintiff as the final and delivering carrier billed defendant and was promptly paid. Subsequently, however, the General Accounting Office concluded that substantial overpayments had been made and proceeded to deduct those amounts from other bills due plaintiff. It is to recover those deductions that this action was commenced.
The difference between the parties stems from the fact that each unassembled barge, being too large for transport in a single freight car,[1] was divided among three cars — each moving under a separate bill of lading. It is clear and defendant admits that, notwithstanding the number of cars needed to transport a single barge, the tariff established for a complete barge under Consolidated Freight Classification No. 16 [2] would apply had all those cars moved under a single bill of lading. Defendant argues, however, that the existence of a separate bill of lading for each of the three carloads renders the rate for a complete article inapplicable, in which event the appropriate rate is that for pieces of steel plate or angles rather than that for a steel barge. Plaintiff contends that the rate for a complete barge is nonetheless applicable, because the three bills of lading were cross-referenced and contained the requirement that the three cars were not to be separated and were to be delivered at destination as one shipment.
The barges in question were prefabricated for the War Department by the American Bridge Company under a contract which provided that certain equipment furnished by the Government Avas to be incorporated into the product. The finished barges, knocked down for transport and including all necessary parts and accessories, were destined for rail *152 shipment cross-continent, 'for export by ocean vessel from the west coast, and for ultimate use overseas in carrying gasoline or dry cargo. They were to be separately crated in such a manner as to facilitate their ready assembly on arrival at their final destination.
The American Bridge Company, pursuant to its contract with the War Department, shipped the unassembled steel barges from its plant to South Plainfield, New Jersey, where they were unloaded by agents of the Lehigh Valley Railroad and held in ground storage for a brief period of several weeks. At the end of this time each completed but still un-assembled barge was loaded into three rail cars; and in April 1944 the cross-continent shipments to Los Angeles Harbor, California, commenced. It is the appropriate freight charge for these shipments which is now in controversy.[3]
Separate bills of lading for each carload were issued by the Government, as the Army regulation required.[4] These bills of lading differed somewhat in their description of the item covered. (See Finding 8.) In every case, however, they were cross-referenced with the bills covering the other two carloads which contained integral parts of the same barge, again as required by the Army regulation. Moreover, they contained a provision to the effect that the three carloads were not to be separated, with which provision the carriers at all times complied.
At issue is the carrier’s right to the rate established for the shipment of a complete barge. Is plaintiff entitled to *153 the rate established under C.F.C. No. 16, or is it deprived thereof by the fact that separate bills of lading were issued for each carload?
We hold that plaintiff is entitled to the complete barge rate.
The bills of lading by their clear terms required the plaintiff to treat the three carloads which contained one complete barge as one shipment. Each of these bills was cross-referenced ; each ordered plaintiff at no time to permit the three carloads to be separated, and to deliver them as a unit at their destination at Los Angeles Harbor. These directions were binding on plaintiff, which was under a contractual duty •to carry out the provisions contained in each bill. Johnson Motor Transport v. United States, 137 Ct. Cl. 892, 896, 149 F. Supp. 175 (1957). Under these circumstances, we conclude that each group of three cross-referenced bills constituted one bill of lading within the meaning of Rule 20 of the governing classification, C.F.C. No. 16.
Rule 20 states that “Parts or pieces of a complete article, received as one shipment, on one bill of lading, will be charged at rating or rate provided for complete article.” The phrase “on one bill of lading” was there employed to indicate that more is required to justify the imposition of the complete article rate than the mere fact that several carloads were received in one shipment at the same time and place. The several carloads containing among them the complete article were required to be delivered and received together, and in addition they were required to be moved together, switched together, stopped together — as would be the case when those carloads were moving under a single bill of lading. This is precisely the case here — for here it was required by the provisions in each bill that in all respects the three carloads be treated by the carriers as a single shipment. This, we conclude, is the correct and reasonable construction of Rule 20 — rather than a view which would permit the determination of the appropriate rate to depend solely on the eixstence of one as against three pieces of paper. Thus, the contractual duty to treat the three carloads as one shipment incorporates the three pieces of paper, entitled “bills of lading,” into one bill within the meaning of Rule 20.
*154 Accordingly, judgment is entered for plaintiff for $25,571.28 — $23,603.04 being the amount stipulated by the parties as due on the 1944 shipments should we conclude, as we have concluded, that the complete article rate applies, and $1,968.24 being the amount stipulated by the parties as due on the 1945 shipments.
findings of fact
The court, having considered the evidence, the report of Trial Commissioner Eobert K. McConnaughey, and the briefs and argument of counsel, makes findings of fact as follows:
1. Plaintiff, a corporation of the State of Utah, is a common carrier by railroad over its own lines and jointly with other common carriers by railroad.
2. During 1944, plaintiff, as the final and delivering carrier and in conjunction with its connecting lines, transported from South Plainfield, New Jersey, to Los Angeles Harbor, California, shipments described on Government bills of lading as “1-104' Bolted Sectional Steel KD Barge #6201 (J-350) /part lot/ Des. 348B” or “Fabricated Plates, Bars & Angles (Structural Steel) & Parts & Fittings Per Continuation Sheet #2 Attached For 104 Ft. Design 348-B, KD, Bolted Barge BK-1'377.”
3. Upon completion of these transportation services, plaintiff, as the delivering carrier, billed defendant and was paid freight charges based upon the rates applicable to “Barges, flat top, open deck, steel, with or without wooden decks, loose or in packages” per Item 4585 of Consolidated Freight Classification No. 16 (referred to hereafter as CFC No. 16).
4. Subsequently, the General Accounting Office, after audit, stated overpayments on those bills of lading which listed bundles of angles and plates or fabricated plates, bars, and angles (structural steel) on the basis of Item 1350 of Transcontinental Freight Bureau Tariff No. 29-G (referred to hereafter as TCFB 29-G). In other instances, where the bills of lading showed other commodities commingled with bundles of angles and plates, the overpayment was asserted *155 on the basis of the carload rating on the iron or steel articles plus the less-than-carload rating on other commodities, pursuant to Rule 10 of CFC No. 16. Deductions were made from other bills due plaintiff on the basis of the asserted overpayments.
5. On July 13, 1943, the United States of America, by Letter of Contract No. W 2789 tc-1826, entered into an agreement with American Bridge Company for the construction and completion of two hundred and twenty 104' bolted sectional steel barges. Supplemental contract A to the Letter Contract and Specifications for 104'-0" Bolted Sectional Steel Barge for Gasoline or Dry Cargo for War Department, Army Service Force, revised August 18, 1943, provided that American Bridge Company would prefabricate two hundred and twenty 104' Bolted Sectional Steel Barges for Gasoline or Dry Cargo. These contracts provided that certain equipment would be furnished by the Government to be incorporated with equipment furnished by American Bridge Company, in order that the knocked-down barge could be completely assembled in the field by means of bolts and gaskets and a sub-bottom welded to the bottom frames in the cargo compartments. To this end, the American Bridge Company prepared all barges for export shipment. All equipment and accessories for a complete barge were boxed and protected in an approved manner for export as required by the specifications.
6. In February and March of 1944, as the barges were fabricated, the American Bridge Company shipped, on three bills of lading, all parts, equipment, and accessories for one complete 104' barge. The shipments were consigned to ground storage at South Plainfield, New Jersey, and were there unloaded by agents of the Lehigh Valley Railroad Company.
7. During March and April of 1944, agents of the Lehigh Valley, pursuant to orders of the War Department, loaded into three cars, covered by three Government bills of lading, the parts and accessories of a complete barge, previously ground stored at South Plainfield, New Jersey, to be delivered by plaintiff at Los Angeles Harbor, California, for *156 exportation. The charges on these shipments from South Plainfield are now in dispute.
8. Some of the bills of lading in controversy contain the following language:
1 C/L 1 104' Bolted Sectional Steel Barge #6193 (J-350) Des. 348B /Part Lot/.
20 Bdls. Angles & Plates.
This shipment must not be separated.
Any diversion order should cover all cars. (If any cars are bad-ordered, all cars must be set out.)
Part of shipment with B/Ls Wt. 5621393-394.
Other bills of lading contain the following language:
1 C/L 22 Bdls. Fabricated Plates, Bars & Angles (structural steel) for 104 Ft. Design 348-B KD Bolted Barge BK-1377.
1 Pc. Steel Davit KD
2 Pcs. Kavels
4 Pcs. Towing Bitts
1 Bdl. Steel Ladders
2 Pcs. Steel Anchors (Loose)
1 Peel Wire Rope
Part of Shipment with B/Ls WT-5621427-428.
This shipment must not be separated. (If any cars are bad-ordered, all cars must be set out.)
9. Time and junction stamps on plaintiff’s waybills establish that plaintiff complied with the instructions on the Government bills of lading and that the three freight cars, constituting the shipment of a knocked-down steel barge, were not separated and were delivered at destination as requested.
10. At the time these shipments moved, Army Regulation 55-150 was in effect and provided as follows:
7. Separate bills of lading; when required. — a. Oar-loads or truchloads; exceptions.
(1) Except as provided in (a), (5), (<?), (d), (e), and (f) below (see par. 14<m(4)), a separate bill of lading will be issued for each carload or truckload. Whenever a completed article is shipped in several cars, with each car containing portions that are useless without all the other components, the several bills of lading issued in connection therewith will be cross-referenced to each other.*
*157 11. Consolidated Freight Classification No. 16 was in effect at the date of these shipments and provided as follows:
Item 4585 — Barges, flat top, open deck, steel with or without wooden decks, loose or in packages.
* * * * *
RULE 10 — MIXED CARLOADS
_ Section 1. Except as otherwise provided in this Classification, when a number of different articles, for which ratings or rates are provided when in straight carloads, are shipped at one time by one consignor to one consignee and destination, in a mixed carload, they will be charged at tiie straight carload rate (not mixed carload rate) applicable to the highest classed or rated article contained in such mixed carload and the carload minimum weight will be the highest provided for any article in the carload. *****
Section 3. When the aggregate charge upon the entire shipment is less on basis of carload rate and minimum carload weight (actual or authorized estimated weight to be charged for if in excess of the minimum weight) for one or more of the articles and on basis of actual or authorized estimated weight at less than carload rate or rates for the other article or articles, the shipment will be charged for accordingly. On articles included in carload shipments on which less than carload rates are applied, carload package requirements will apply not subject to increased charges provided in Buie 5. Charges on articles in packages shall not be higher than on the same articles loose.
*****
RULE 2 0-PARTS OR PIECES CONSTITUTING COMPLETE ARTICLE
Parts or pieces constituting a complete article, received as one shipment, on one bill of lading, will be charged at rating or rate provided for complete article.
12. Transcontinental Freight Bureau Tariff No. 29-G was in effect at the time of the shipments here in question and provided as follows:
Item 1350 iron or steel, articles oe (Subject to Item 1348) ** viz.:
SECTION 1 * * *
Angles (Subject to Note 16), **
*****
*158 (5) Plate (punched or unpunched, bent or not bent), * * *
13. It is plaintiff’s contention that these shipments were complete KD 104' steel barges; that Item 4585 of CFG No. 16 provided the only applicable rate for steel barges; and that Rule 20 of CFG No. 16 applied for the reasons that the three Government bills of lading were annotated by the Government, notifying plaintiff that each bill of lading covered a car containing a part shipment, and that the cars were not to be separated but were to be handled together as one shipment.
14. It is defendant’s position that since each carload moved under a separate bill of lading and, since no one carload contained all the parts and equipment for a complete barge, Rule 20 of GFG No. 16 is inapplicable and that the applicable rates are those published on steel angles and plates, plus the applicable less-than-carload rate on other articles listed separately on the bills of lading.
15. The parties have stipulated and agreed that, on shipments of three knocked-down steel barges covered by bills of lading Nos. WV-5'357251, WV-5357193, and WV-5357252, moving from Fort Wayne, Indiana, to West Yermo, California, in February of 1945, the applicable charges were properly determined under Item 4585 of CFC No. 16 and that plaintiff is due the sum of $1,968.24 for the reason that, although all the parts and accessories for a complete knocked-down barge were shipped in four separate freight cars, only one bill of lading was issued to cover the entire shipment.
16. On the remaining items in controversy, the parties have stipulated and agreed that, if plaintiff prevails with respect to the issue described above, plaintiff would be due $23,603.04, and that, if defendant prevails, plaintiff has been paid in full and is not entitled to recover on these items.
CONCLUSION OF LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover $25,571.28, and it is therefore adjudged and ordered that plaintiff recover from the United States the sum of twenty-five thousand five hundred seventy-one dollars and twenty-eight cents ($25,571.28).

 Each barge, when assembled, would have measured 104 feet in length.

 C.F.C. No. 16 provided, in pertinent part, as follows:
“Item 4585 — Barges, flat top, open deck, steel with or without wooden decks, loose or in packages.
“Rule 20 — parts or pieces constituting complete article
“Parts or pieces constituting a complete article, received as one shipment, on one bill of lading, will be charged at rating or rate provided for complete article.”

 Defendant Rad also withheld from other payments due plaintiff amounts equaling then-asserted overpayments on shipments from Fort Wayne, Indiana, to West Xermo, California, which commenced in February 1945 ; and plaintiff in its petition seeks recovery of these sums as well. The Government by stipulation, however, concedes its liability in the amount of $1,968.24, inasmuch as in those cases only one bill of lading was issued for the transport of each complete barge. (See Finding 15.) Thus, there remains no issue concerning the 1945 shipments before us now.

 Army Regulation 55-150, then in effect, provided as follows-:
“7. Separate bills of lading; when required. — a. Oarloads or truckloads; exceptions.
“(1) Bxcept as provided in (a), (S), (c), (d), (e), and (f) below (see par. 14<wt(4)), a separate bill of lading will be issued for each carload or truckload. Whenever a completed article is shipped in several cars, with each car containing portions that are useless without all the other components, the several bills of lading issued in connection therewith will be cross-referenced to each other.”

 Exceptions not applicable.

Exceptions not applicable.